■ In the Matter of ROBERT TOM, Respondent, v HAROLD HERKIMER, as Executive Director of the New York City Employees' Retirement System, et al., Appellants. — Order of the Supreme Court, New York County (Grossman, J.), entered May 17, 1982, in this CPLR article 78 proceeding, requiring a trial on the issue of whether respondents-appellants had sufficient notice of petitioner-respondent's desire to make a lump-sum payment to purchase his claimed premembership service, is unanimously reversed, on the law, and the petition is dismissed, without costs. ¶ Petitioner brought this article 78 proceeding to annul a determination of the Executive Director of the New York City Employees' Retirement System (NYCERS) denying petitioner vested rights in NYCERS. Petitioner became a member of NYCERS in December, 1971. In 1978, he filed a claim to purchase premembership service pursuant to section B3-6.0 of the Administrative Code of the City of New York for the period 1964 to 1971. The premembership claim form advised petitioner that, after two years of payments, he could make a lump-sum payment to purchase the remainder of premembership service if the total premembership service claimed was less than eight years. ¶ Petitioner had approximately nine years allowable city service and had paid for approximately two years of claimed premembership service when he resigned from city service in 1981. The NYCERS requires 15 years of credited city service for the vesting of a right to a deferred retirement benefit. Thus, because petitioner had not requested in writing to make a lump-sum payment for his remaining premembership service and had not made such payment prior to his resignation, the NYCERS notified petitioner by letter dated May 8, 1981, that he did not have the requisite years of credited city service to qualify for vesting. Petitioner then brought this article 78 proceeding, asserting that he relied upon advice from the NYCERS benefit examiner that the single payment would be approximately $3,500, and that he would be informed of the amount due, and thus he retired before making a lump-sum payment. ¶ Special Term ordered a trial to determine whether the NYCERS had sufficient notice of petitioner's desire to make a lump-sum payment to purchase his premembership service. The court correctly noted the fact that had the petitioner made the lump-sum payment to purchase his claimed premembership service, he would have had the vested right to a deferred retirement benefit. ¶ Section B3-6.0 of the Administrative Code provides that *"[a]ny member in city-service* who shall file with the retirement system a duly executed application for service credit * * * shall be credited * * * with a period of city-service previous to the beginning of his present membership * * * After such double contributions for all of the first two years claimed or, if the total time purchasable exceeds eight years, after double contribution for one-quarter of such time, unpurchased service credit then remaining may be purchased, and thereupon shall be credited, by single payment of the sum of the remaining payments." (Italics added.) ¶ Section B3-6.0 contemplates that an applicant for premembership service must be a member of the NYCERS at the time the lump-sum payment is made for the premembership service to be credited. Thus, even if the petitioner's estoppel argument were valid, he resigned from the NYCERS and is no longer entitled to make a lump-sum payment. Any deviation from the clear language of the statute would lead to confusion regarding the proper procedure for the purchase of premembership service credit. (See *Matter of Randolph v New York*

*City Employees' Retirement System,* 86 AD2d 536.) Concur — Kupferman, J. P., Ross, Asch, Silverman and Lynch, JJ.